UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DEAN KINNINGHAM #296068  )
                          )
v.                        )  NO. 2:06-CV-38
                          )
HOWARD CARLTON            )

**MEMORANDUM and ORDER**

Dean Kinningham, a prisoner in the Northeastern Correctional Complex (NECX) in Mountain City, Tennessee, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Howard Carlton, the NECX Warden. Seeking damages and injunctive relief, the plaintiff claims that defendant Carlton has denied him permission to acquire spiritual items used in practicing his Native American religion. He further claims that prisoners who adhere to other religions are permitted to obtain worship items, though he is not allowed to procure such items.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. It appears, from copies of the grievance and appeals attached to the complaint, that the plaintiff has satisfied this statutory requirement.

Accordingly, the Clerk is **DIRECTED** to send the plaintiff a service packet (a

blank summons and USM 285 form). The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of receipt of this Order. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. Fed. R. Civ. P. 4. The defendant is **ORDERED** to respond to the complaint within twenty (20) days of receipt of service.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Pursuant to 28 U.S.C. § 1915, the plaintiff is assessed the filing fee of $250.00. The custodian of the plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance (for the last six months) in his account.

Thereafter, the custodian shall submit twenty percent (20%) of the

plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk every time the plaintiff's monthly income exceeds ten dollars ($10.00), until the $250.00 filing fee has been paid in full.[1] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

In order to insure compliance with the Prison Litigation Reform Act of 1996, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the plaintiff and to the custodian of the plaintiff's inmate trust account at NECX.

**ENTER**:

_____
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[1] Send the payments to:
Clerk's Office, USDC
220 West Depot Street, Suite 200
Greeneville, TN 37743.

3